[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 09-11206
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JULY 27, 2009
THOMAS K. KAHN
CLERK

D. C. Docket No. 06-00464-CR-T-17-TGW

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ANTHONY LEON WARRICK,
a.k.a. Ace,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(July 27, 2009)

Before BIRCH, HULL and FAY, Circuit Judges.

PER CURIAM:

Anthony Leon Warrick, who was convicted of a crack cocaine offense, appeals through counsel the district court's order denying his pro se motion for modification of sentence, pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 706, which lowered the base offense levels applicable to offenses that involved less than 4.5 kilograms of crack cocaine. The district court denied the motion because Warrick was held responsible for more than 4.5 kilograms of crack cocaine, such that Amendment 706 did not affect his guideline range. On appeal, Warrick argues that, (1) although he was responsible for more than 4.5 kilograms of crack cocaine, he was eligible for a reduction, (2) the continued disparities in cocaine and crack cocaine sentences and the unequal application of § 3582(c)(2), violated the Equal Protection and Due Process clauses; (3) the court has discretion to reduce his sentenced because United States v. Booker, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), rendered the Sentencing Guidelines advisory only; and (4) his sentence was unreasonable under § 3553(a) because it was greater than necessary. For the reasons set forth below, we affirm.

**I.**

"We review de novo a district court's conclusions about the scope of its legal authority under 18 U.S.C. § 3582(c)(2)." United States v. James, 548 F.3d 983, 984 (11th Cir. 2008). A district court may modify a term of imprisonment in

the case of a defendant who was sentenced based on a sentencing range that subsequently has been lowered by the Sentencing Commission. 18 U.S.C. § 3582(c)(2). Any reduction, however, must be "consistent with applicable policy statements issued by the Sentencing Commission." Id. A reduction of a term of imprisonment is not "consistent with applicable policy statements issued by the Sentencing Commission" – and is, therefore, not authorized under § 3582 – if the retroactive amendment does not have the effect of lowering the defendant's applicable guideline range. U.S.S.G. § 1B1.10(a)(2)(B).

## II.

The district court properly denied § 3582 relief, because Warrick's guideline range was not lowered by Amendment 706, given that he was held accountable for more than 4.5 kilograms of crack cocaine, and Amendment 706 only lowered base offense levels for quantities of crack cocaine less than 4.5 kilograms. See James, 548 F.3d at 986 (holding that the defendant was not entitled to a reduction in sentence because he had been held accountable for more than 4.5 kilograms of crack cocaine, and Amendment 706 did not lower his guideline range).

Additionally, Warrick's Booker argument fails, because Booker is not a retroactively applicable guideline amendment and cannot be a jurisdictional basis for § 3582 relief. See United States v. Melvin, 556 F.3d 1190, 1192-93 (11th Cir.

3

2009), cert. denied, (U.S. May 18, 2009) (No. 08-8664) (holding that neither Booker nor Kimbrough render a guideline range advisory in the context of a § 3582 proceeding, whether or not the guideline range is reduced by a sentencing amendment); United States v. Moreno, 421 F.3d 1217, 1220-21 (11th Cir. 2005) (holding that Booker did not provide a jurisdictional basis for § 3582 relief because it was not a sentencing amendment). Warrick's due process and equal protection arguments also fail, because a § 3582 proceeding "does not constitute a de novo resentencing" and does not permit the district court to address "extraneous resentencing issues," including constitutional claims. United States v. Bravo, 203 F.3d 778, 781-82 (11th Cir. 2000) (holding that the district court correctly declined to consider the defendant's Eighth Amendment claim in the context of a § 3582 proceeding). Finally, because Warrick was not entitled to a sentence reduction under Amendment 706, the district court did not err in failing to consider the § 3553(a) factors. See United States v. Webb, 565 F.3d 789, 793 (11th Cir. 2009) ("Given that [defendant's] sentencing range did not change, the district court correctly recognized that it had no authority under § 3582(c)(2) to reduce his sentence and that it did not need to examine the 18 U.S.C. § 3553(a) factors."). Accordingly, we affirm.

**AFFIRMED.**